1        UNITED STATES DISTRICT COURT
2        DISTRICT OF PUERTO RICO

3  MARIANO MALDONADO-PAGAN,
4  et al.,
5
6        Plaintiffs,                    Civil No. 07-1102 (JAF)

7        v.

8  EL BANCO FIRST BANK (PUERTO
9  RICO),
10
11       Defendant.

12                   **OPINION AND ORDER**

13       Plaintiffs Mariano Maldonado-Pagán ("Pagán") and his son, Mario

14  Maldonado-Vázquez, bring this pro-se action against Defendant El

15  Banco First Bank Puerto Rico alleging violations of the Puerto Rico

16  Constitution, the general principles of Puerto Rico law, and federal

17  banking laws. Docket Document No. 1-1.  Plaintiffs seek money damages

18  to compensate for unfair banking charges and conditions imposed on

19  Plaintiff Pagán, an inmate at a Puerto Rico correctional facility.

20  Id.  Defendants move to dismiss Plaintiffs' suit pursuant to Federal

21  Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(b)(7). Docket

22  Document No. 25.  The motion is unopposed.

23                          **I.**

24              **Factual and Procedural Synopsis**

25       We derive the following factual summary from Plaintiffs'

26  complaint.  Docket Document No. 1-1.  As we must, we assume that all

Civil No. 07-1102 (JAF)                                                    -2-

1    Plaintiffs' allegations are true and make all reasonable inferences
2    in their favor.  <u>Alternative Energy, Inc. v. St. Paul Fire and Marine</u>
3    <u>Ins., Co.</u>, 267 F.3d 30, 36 (1st Cir. 2001).

4    Plaintiff Pagán is an inmate at a correctional facility in
5    Ponce, Puerto Rico.  Defendant provides banking services to inmates
6    of that institution.  Defendant charges inmates two dollars and ten
7    cents for three books of deposit slips and one dollar for each
8    deposit into an account.  Defendant limits single deposits to $100.
9    Defendant does not pay inmates interest on the money held in their
10   accounts.

11   Plaintiffs allege that the aforementioned charges and conditions
12   violate the Puerto Rico Constitution's provision that "all men are
13   equal before the law" and its prohibition against discrimination
14   based on race, color, sex, birth, social origin or condition, or
15   political or religious ideas.  <u>Docket Document No. 1-1</u>; P.R. Const.
16   Art. II, § 1 (2004).  Plaintiffs also claim that these policies and
17   practices violate the general principles of Puerto Rico law and the
18   federal laws governing banks.  <u>Docket Document No. 1-1</u>.

19   Plaintiffs filed their complaint on February 5, 2007.  <u>Docket</u>
20   <u>Document No. 1-1</u>.  Defendant moved to dismiss the complaint on May 3,
21   2007.  <u>Docket Document No. 25</u>.  Plaintiff Pagán moved the court to
22   appoint counsel on May 9, 2007, <u>Docket Document No. 38</u>. The court
23   denied said request on May 15, 2007, and, on May 24, 2007, Plaintiff

Civil No. 07-1102 (JAF)                                                -3-

1   again asked the court to appoint counsel, <u>Docket Document No. 40</u>.

2   This second motion to appoint counsel is still pending before this

3   court.

4                                    **II.**

5              **Motion to Dismiss Standard under Rule 12(b)(1)**

6         Under Rule 12(b)(1), a defendant may move to dismiss an action

7   for lack of federal subject matter jurisdiction.  <u>See</u> Fᴇᴅ. R. Cɪᴠ.

8   P. 12(b)(1) (1992 & Supp. 2004).  The party asserting jurisdiction

9   has the burden of demonstrating its existence.  <u>See</u> <u>Skwira v. United</u>

10  <u>States</u>, 344 F.3d 64, 71 (1st Cir. 2003)(citing <u>Murphy v. United</u>

11  <u>States</u>, 45 F.3d 520, 522 (1st Cir. 1995)).  The court has "an

12  obligation to inquire sua sponte into its own subject matter

13  jurisdiction."  <u>McCulloch v. Velez</u>, 364 F.3d 1, 5 (1st Cir. 2004).

14        Rule 12(b)(1) is a "large umbrella, overspreading a variety of

15  different types of challenges to subject-matter jurisdiction,"

16  including ripeness, mootness, the existence of a federal question,

17  diversity, and sovereign immunity.  <u>Valentin v. Hosp. Bella Vista</u>,

18  254 F.3d 358, 362-63 (1st Cir. 2001).  A moving party may mount a

19  "sufficiency challenge," taking the plaintiff's "jurisdictionally-

20  significant facts as true" and requiring the court to "assess whether

21  the plaintiff has propounded an adequate basis for subject-matter

22  jurisdiction."  <u>Id.</u> at 363.  Alternatively, when the jurisdictional

23  facts are distinct from the case's merits, a moving party can bring

Civil No. 07-1102 (JAF)                                           -4-

1    a "factual challenge," in which case the court addresses "the merits

2    of the jurisdictional claim by resolving the factual disputes between

3    the parties." Id. _____

### III.

### Analysis

6         Plaintiffs allege that the charges and conditions imposed by

7    Defendant for banking services violate the Puerto Rico constitution,

8    the general laws of Puerto Rico, and federal banking laws that

9    prohibit discrimination against individuals on the basis of their

10   social status. Docket Document No. 1-1.

11        Defendant argues that (1) the court does not have subject matter

12   jurisdiction over this case; (2) the facts do not state a claim upon

13   which relief can be granted; and (3) Plaintiffs have failed to join

14   an indispensable party, the Puerto Rico Department of Corrections.

15   Docket Document No. 25. As subject matter jurisdiction is a

16   threshold issue, we begin with an analysis of that argument. See

17   Danca v. Private Health Care Sys., 185 F.3d 1, 4 (1st Cir. 1999).

18        Because Plaintiffs are pro se, we construe the complaint more

19   favorably than we would pleadings drafted by an attorney. Haines v.

20   Kerner, 404 U.S. 519, 520 (1972); Ayala Serrano v. Lebron Gonzalez,

21   909 F.2d 8, 15 (1st Cir. 1990). Plaintiffs' pro se status, however,

22   does not insulate them from complying with procedural and substantive

23   law. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

Civil No. 07-1102 (JAF)                                                -5-

1       Defendant argues that this case must be dismissed for lack of

2   subject matter jurisdiction.  <u>Docket Document No. 25</u>.  Subject matter

3   jurisdiction may be grounded in either diversity jurisdiction or

4   federal question jurisdiction.   28 U.S.C. §§ 1331, 1332 (2007).

5   Although Plaintiffs do not allege the citizenship of the parties to

6   this suit in their complaint, we assume that all parties are citizens

7   of Puerto Rico.  We, accordingly, do not have diversity jurisdiction

8   over this case. 28 U.S.C. § 1332 (requiring that a controversy be

9   between parties of different states or between citizens of a state

10  and citizens of a foreign state for jurisdiction based on diversity

11  of citizenship).  We now determine whether we have federal question

12  jurisdiction over this matter.

13      Plaintiffs     allege    that   federal   banking   laws   prohibit

14  discrimination   on   the   basis   of   social   conditions,   such   as

15  incarceration.  <u>Docket Document No. 1-1</u>.  Plaintiffs do not, however,

16  cite to any such law, nor are we aware of one.  <u>Id.</u>  Because we are

17  unable to identify a specific federal law under which Plaintiffs

18  could bring this case, we find that we do not have federal question

19  jurisdiction over this matter.  28 U.S.C. § 1331 (granting district

20  courts original jurisdiction over "all civil actions arising under

21  the Constitution, laws, or treaties of the United States").

22      Without grounds for jurisdiction over this case, we must dismiss

23  it in its entirety. We, therefore, do not reach Defendant's arguments

24  for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(6)

Civil No. 07-1102 (JAF)                                                    -6-

1    and 12(b)(7).  We also deny Plaintiffs' motion to appoint counsel,

2    Docket Document No. 40, as moot.  We note that this dismissal does

3    not bar Plaintiffs from bringing a similar suit in Commonwealth

4    court.

5                                    **IV.**

6                                **Conclusion**

7        For the reasons stated herein, we **GRANT** Defendant's motion to

8    dismiss, Docket Document No. 25, and **DISMISS** Plaintiffs' complaint

9    for lack of subject matter jurisdiction under Federal Rule of Civil

10   Procedure 12(b)(1), with prejudice.  In addition, we **DENY** Plaintiffs'

11   motion to appoint counsel, Docket Document No. 40, as moot.

12       **IT IS SO ORDERED.**

13       San Juan, Puerto Rico, this 18th day of June, 2007.

14                                    s/José Antonio Fusté
15                                    JOSE ANTONIO FUSTE
16                                    Chief U. S. District Judge